[NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1169

SHARON HUGHES MENDONCA,

Plaintiff, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Sharon Hughes Mendonca on brief pro se.
David W. Ogden, Acting Assistant Attorney General, Joan E.
Smiley, Senior Litigation Counsel, and Anthony W. Norwood, Trial
Attorney, Office of Immigration Litigation, on brief for appellee.

December 30, 1999

Per Curiam. Petitioner Sharon Hughes Mendonca, on
behalf of her husband Crisanto Mendonca (a citizen of Cape
Verde), appeals from the denial of a petition under 28 U.S.C.
2241 for habeas corpus relief. Petitioner there sought to
challenge a discretionary decision of the Board of Immigration
Appeals (BIA) denying her husband's application for adjustment
of status, see 8 U.S.C. 1255; she also requested an order
compelling his naturalization. The district court dismissed
for lack of subject-matter jurisdiction. See Mendonca v. INS,
52 F. Supp. 2d 155 (D. Mass. 1999). 
With respect to the naturalization issue, we affirm
substantially for the reasons recited by the district court. 
See id. at 163-64. With respect to the adjustment-of-status
issue, we affirm on the merits. Respondent is mistaken in
asserting that 309(c)(4)(E) of IIRIRA, Pub. L. No. 104-208,
Div. C, 110 Stat. 3009-546, divests the district court of
habeas jurisdiction. See, e.g., Requena-Rodriguez v.
Pasquarell, 190 F.3d 299, 305 (5th Cir. 1999); Goncalves v.
Reno, 144 F.3d 110, 120-21 (1st Cir. 1998) (construing 
309(c)(4)(G)), cert. denied, 119 S. Ct. 1140 (1999). 
In turn, whether federal courts in such "transitional
rules" cases possess residual jurisdiction under 2241 to
review discretionary determinations of the BIA is a question
not subject to ready resolution. See, e.g., id. at 125 n.17
(noting, without addressing, argument from amici that "habeas
jurisdiction also traditionally allowed review, under a
'manifest abuse of discretion' standard, of the exercise of
discretion to deny relief"). However, the question how far
habeas jurisdiction extends is one of great practical
importance, and there is no reason to address it in this case. 
Even assuming that habeas jurisdiction does extend in this
matter to abuses of discretion--and this is very much an
arguendo assumption--there is nothing in this case that
remotely suggests such an abuse by the BIA. Accordingly,
whatever the scope of habeas corpus, there is no basis for
setting aside the BIA's refusal to adjust status.
Our affirmance on this ground does not offend Steel
Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). 
We think that the question whether 2241 encompasses such
claims, rather than being jurisdictional in nature, instead
goes to the merits. "[T]he absence of a valid (as opposed to
arguable) cause of action does not implicate subject-matter
jurisdiction, i.e., the courts' statutory or constitutional
power to adjudicate the case." Id. at 89 (characterizing as
non-jurisdictional the question whether a citizen-suit
provision of the Emergency Planning and Community Right-to-Know
Act of 1986 permits suits for past violations); see also, e.g.,
Davoll v. Webb, 194 F.3d 1116, , 1999 WL 969263, at *5-*6
(10th Cir. 1999); Cablevision of Boston, Inc. v. Public
Improvement Comm'n, 184 F.3d 88, 100 & n.9 (1st Cir. 1999). 
Affirmed.